# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY DAVID KLINE, <br><br> Petitioner, <br><br> v. <br><br> MICHAEL WENEROWICZ, <br> Superintendent, <br><br> Respondent. | CIVIL ACTION NO. 1:15-CV-00085 <br><br> (KANE, J.) <br> (MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

On January 13, 2015, the Court received and filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). As Petitioner Terry David Kline acknowledges, he presented a "mixed" petition containing both claims that Kline exhausted through direct appeal as well as claims for which state remedies are not yet exhausted. *See generally Rose v. Lundy*, 455 U.S. 509 (1982). Kline therefore requested that his petition be stayed to permit him time to exhaust his state remedies with respect to the unexhausted claims. (Doc. 2; Doc. 7). However, the Court denied Kline's motion to stay in an Order filed on June 23, 2015, because Kline lacked good cause for his failure to exhaust state court remedies and the expiration of the federal limitations period was not imminent. (Doc. 8). At all times relevant to this petition, Kline has been incarcerated at SCI-Graterford in Montgomery County, Pennsylvania.

On July 16, 2015, Kline filed the instant motion to voluntarily dismiss his petition without prejudice so that he may refile his petition after exhausting state remedies with respect to his unexhausted claims. (Doc. 9). Voluntary dismissal in this matter is governed by Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure , as a response to Kline's habeas

application has not yet been filed. *See generally* Fed. R. Civ. P. 81(a)(4) (applying Federal Rules of Civil Procedure to habeas proceedings); R. 12 foll. 28 U.S.C. § 2254 (same). Rule 41(a)(1)(A)(i) provides that "the [petitioner] may dismiss an action without a court order by filing [ ] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Because the Commonwealth has not yet filed its answer to Kline's petition, the Court recommends that Kline's motion be construed as a Rule 41(a)(1) notice of voluntary dismissal and thus acts to terminate the action.

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** and the case file be closed.

**BY THE COURT:**

**Dated: October 28, 2015**             *s/ Karoline Mehalchick*
                                        **KAROLINE MEHALCHICK**
                                        **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY DAVID KLINE,<br><br>                Petitioner,<br><br>v.<br><br>MICHAEL WENEROWICZ,<br>Superintendent,<br><br>                Respondent. | CIVIL ACTION NO. 1:15-CV-00085<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 28, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 28, 2015**　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**